RAPINE (PORTER v.). See Case No. 11,288.

RAPLEE (BALDWIN v.). See Case No. 801.

## Case No. 11,577.

RAPP v. BARD et al.

[1 Fish. Pat. Cas. 196.] [1]

Circuit Court, E. D. Pennsylvania. Oct., 1855.

PATENTS—INVENTION—GOLD PENS—PECULIAR FEATURES.

The complainant and defendants each had patents for improvements in gold pens. *Held*, as neither of them were the inventors of gold pens, their respective patents, if good for anything, could not be extended beyond the peculiar shape, form, or mode of construction which they allege they have invented.

[Cited in Seymour v. Osborne, Case No. 12,-688.]

This was a bill in equity [by Adam William Rapp against Edmund H. Bard and Henry H. Wilson], filed to restrain the defendants from infringing letters patent granted to complainant January 6, 1852 [No. 8,641], for "improvement in gold pens," the claim of which was as follows: "What I claim as my invention and improvement in the gold pen, and desire to secure by letters patent, is reducing or thinning the sides of the pen at a, between the shoulder, A, and split, c; whereby the advantages above stated are fully attained, and the gold pen made to possess the qualities of the quill pen." The defendants had also letters patent for "improvement in gold pens," granted December 20, 1853, the claim of which was as follows: "The construction of metallic pens, having the form of the semi-cylindrical barrel, combined with the angular diverging planes, by compressing the metal between correspondingly shaped dies."

George W. Wollaston, for complainant.

John B. Gest and George Harding, for defendants.

GRIER, Circuit Justice. The complainant has a patent for an improvement in gold pens, dated 6th of January, 1852. The defendants have a patent for their improvement in the same, dated 20th December, 1853.

The complainant charges that the pens made

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

by defendants, under their patent, are an infringement of his earlier patent.

The patents and the pens being both in evidence, the whole case is exhibited to the eyes of the court. The expense of the testimony might have been saved, as it only encumbers a case which depends solely on the construction of the patents.

Neither of the patentees is the inventor of gold pens, and their respective patents, if good for anything, can not be extended beyond the peculiar shape, form, or mode of construction which they allege they have invented.

The patent of Rapp describes his improvement as consisting in reducing the sides of the pens between the shoulder and the split, and making the split about one-half less in length than that of other pens. He defines his claim to be "reducing or thinning the sides of the pen between the shoulder and the splits," as exhibited by his drawings.

The patent of the defendants does not propose, like the plaintiff's, to save expense by "reducing the length of the split one-half, but consists of a semi-cylindrical barrel, combined with angular diverging planes, with a split of the usual length."

The plaintiff's pen is of a continuous cylindrical or elliptical form, made thin for the purpose of elasticity, by filling a niche on two sides of the semi-cylinder, leaving both sides of the split thick at the edges, for the purpose of strength and durability. The defendant's pen being formed by the combination of angular planes, can not be thinned in the middle by abrasion on its tangents, because not cylindrical in its form. This could only be done by making a longitudinal cavity in each plate. It is made elastic by hammering the plates and stoning or polishing the surface of the planes sufficiently thin to be elastic.

The plaintiff's patent would have been void if it claimed the making of pen-points elastic by hammering, stoning, and polishing them down till they were thin enough to be elastic; all pens have necessarily been made so. If the plaintiff had been the first inventor of gold pens, possibly he might have claimed the defendants' mode of giving them elasticity as an equivalent, and therefore an infringement. But his patent is for a particular form and shape—a semi-cylindrical form, with a short split—whose necessary elasticity is given by filing a thin space on the curvature of each side of the split between the shoulder and the point. The defendants' patent is for a long split between the two diverging planes, hammered and polished so as to give them elasticity. Their improvement is consequently no infringement of that claimed in the plaintiff's patent.

The bill is dismissed with costs.